# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIVA HUTTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY, a Maryland Corporation; DOES 1 through 10; and ROE CORPORATIONS 11 through 2, inclusive,<br><br>Defendants. | Case No. 2:19-cv-0079-APG-CWH<br><br>**ORDER GRANTING IN PART MOTION TO REMAND CASE TO STATE COURT**<br><br>[ECF No. 10] |

As the removing party, GEICO has the burden of proving that removal is proper, and that this court may properly assert jurisdiction over the parties and dispute. Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

GEICO has not offered sufficient evidence to support the court's exercise of jurisdiction. Plaintiff Kiva Hutton incurred just over $20,000 in medical expenses and recovered $25,000 from the tortfeasor. ECF No. 10 at 3. Although Hutton demanded the full $50,000 policy limit from GEICO, there is no evidence before me to demonstrate that was a reasonable estimation of her damages. Nor has GEICO offered evidence to suggest Hutton is likely to recover punitive damages or attorney fees. Accordingly, I cannot find that I may exercise subject matter jurisdiction over this action. I will remand the case to the state court.

Hutton's request for attorneys' fees is denied. GEICO had an objectively reasonable basis for seeking removal. *Martin v Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

IT IS THEREFORE ORDERED that plaintiff Kiva Hutton's motion to remand **(ECF No. 10) is granted in part**. Hutton's request for attorneys' fees is denied. This case is remanded to the court from which it was removed.

Dated: February 25, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE